UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:16-CV-198-BR

| | |
|---|---|
| CONSTANCE PRATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| PITT COUNTY DEPARTMENT OF SOCIAL ) | |
| SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the 24 October 2016 Memorandum and Recommendation ("M&R") of U.S. Magistrate Judge Robert T. Numbers, II. (DE # 5.) In the M&R, Judge Numbers recommends that plaintiff's amended complaint be dismissed without prejudice, in part, because she has failed to state a claim upon which relief may be granted. He also recommends that some of plaintiff's claims against defendants Keisha Adams, Retha Albriton, Jane Dawson, Margaret Dixon, and Sofia Ellis in their individual capacities be allowed to proceed. Plaintiff filed an objection to the M&R. (DE # 10.) As such, the court conducts a *de novo* review of those portions of the M&R to which plaintiff has lodged an objection. See 28 U.S.C. § 636(b)(1).

In her objection to the M&R, plaintiff first takes issue with the recommendation to dismiss her claim for intentional infliction of emotional distress. Judge Numbers recommends dismissal because plaintiff has not alleged in her amended complaint how she suffered emotionally. In her objection, plaintiff claims that due to defendants' actions she has been diagnosed with "bipolar depression"; hospitalized; suffered flashbacks, nightmares, sleeplessness, weight loss, and uncontrollable crying; taken medication; and remains under a

doctor's care. (DE # 10, at 1-2.) These allegations satisfy plaintiff's burden of pleading facts sufficient to show she has an emotional or mental disorder. The court will deem plaintiff's amended complaint amended to allege this emotional distress, and accordingly, she has stated a claim for intentional infliction of emotional distress. Judge Numbers further recommends that plaintiff's claim for negligent infliction of emotional distress be dismissed for the same reason. Because the court finds, with amendment of her amended complaint by virtue of the allegations in the objection, plaintiff has sufficiently alleged emotional distress, the claim for negligent infliction of emotional distress shall also be allowed to proceed.

Second, plaintiff objects to Judge Numbers's recommendation that her defamation claim be dismissed because she has only alleged in her amended complaint "that she suffered 'defamation of character,' 'slander of [her] name,' and being 'falsely accused' by [Child Protective Services ("CPS")] workers," (M&R, DE # 5, at 16). In her objection, plaintiff contends that defendant Albriton told plaintiff's father that plaintiff did not pass a hair analysis test (presumably meaning controlled substances were detected) and that a counselor had said plaintiff was not cooperating. According to plaintiff, this information was not true, and her father and family "reacted" and "treated [her] differently." (DE # 10, at 3-4.) Based on these additional allegations and given the early stage of the proceedings, the court will allow a claim for defamation to proceed but only against Albriton.

Third, plaintiff objects to dismissal of her claim for violation of privacy based on disclosure of personal confidential information. Plaintiff claims Albriton released personal confidential information without plaintiff having signed a release form in violation of "Hippa," (id. at 6), i.e., the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §§
2

1320d–1320d9 ("HIPPA").  As Judge Numbers correctly stated, "North Carolina has not recognized a privacy tort that would address her claims."  (M&R, DE # 5, at 16 (citations omitted).)  Also, HIPPA does not provide a private right of action to individuals.  Moore v. Tri-City Hosp. Found., 623 F. Appx. 500, 501 (9th Cir. 2015); White v. Brand, No. 2:08-CV-255, 2009 WL 2105993, at *2 (W.D. Tenn. July 13, 2009).

In the final portion of her objection, plaintiff appears to claim that Albriton engaged in acts of corruption and retaliation (1) by threatening to put plaintiff's children in a dangerous situation because plaintiff had reported to Albriton's supervisor that Albriton had engaged in case neglect and (2) by conducting a home study on unapproved homes.  There is no freestanding claim for corruption or retaliation.  Plaintiff's claims for violation of her Fourteenth Amendment rights and negligence, which Judge Numbers recommends proceed, encompass these allegations.

For the foregoing reasons, plaintiff's objection to the M&R is SUSTAINED IN PART and OVERRULED IN PART.  The court ADOPTS the M&R as its own, except those portions addressing plaintiff's failure to specify how she has suffered emotionally and plaintiff's failure to sufficiently allege a defamation claim.  The following claims against Adams, Albriton, Dawson, Dixon, and Ellis in their individual capacities remain:

1. A § 1983 claim for a violation of plaintiff's Fourth Amendment right to be free from unreasonable searches;

2. A § 1983 claim for a violation of plaintiff's Fourteenth Amendment substantive and procedural due process rights due to CPS employees' alleged removal of her children under threats, false accusations, and lack of evidence;

3. A § 1983 claim for supervisory liability due to plaintiff's allegations that CPS supervisors were aware of and ignored the constitutional violations of their employees;

4. A claim for negligence under North Carolina law for their actions in connection with the CPS investigation and related proceedings in state court;

5. A claim for defamation under North Carolina law against Albriton only;

6. A claim for intentional infliction of emotional distress under North Carolina law; and

7. A claim for negligent infliction of emotional distress under North Carolina law.

Plaintiff's other claims are DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted. Defendant Pitt County Department of Social Services is DISMISSED from the action. The Clerk is DIRECTED to issue the summonses plaintiff provided for defendants Ellis and Albriton. Within 20 days, plaintiff shall submit to the Clerk for issuance summonses for defendants Adams, Dawson, and Dixon. The U.S. Marshal is DIRECTED to serve the summonses and complaint on defendants.

This 2 December 2016.

_____
W. Earl Britt
Senior U.S. District Judge