IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-00198-BR

**Constance Pratt**,

    Plaintiff,

v.

**Retha Allbritton, et. al**,

    Defendants.

**Order**

Plaintiff Constance Pratt has brought a number of motions before the court. She has filed number of motions to amend her Amended Complaint. D.E. 35, 36, 37. Pratt has also filed a Motion for an Extension of Time in which to conduct the Rule 26(f) conference (D.E. 38), a Motion for the Issuance of Subpoenas (D.E. 41), and a Motion to Approve her Amendment (D.E. 42).

By way of background, Pratt's Amended Complaint alleged that the Defendants, employees of Pitt County Department of Social Services and Child Protective Services ("DSS" or "CPS") violated her rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution in the course of investigating allegations of child neglect and related state-court proceedings. It asserts that the Defendants illegally removed her children from her custody, made false allegations against her, failed to properly investigate the claims against her, and released information without her consent.[1]

---

[1] The following claims in the Amended Complaint survive:

1. A § 1983 claim for a violation of plaintiff's Fourth Amendment right to be free from unreasonable searches;
2. A § 1983 claim for a violation of plaintiff's Fourteenth Amendment substantive and procedural due process rights due to Child Protective Service ("CPS") employees' alleged removal of her children under threats, false accusations, and lack of evidence;
3. A § 1983 claim for supervisory liability due to plaintiff's allegations that CPS supervisors were aware of and ignored the constitutional violations of their employees;

For the reasons set forth below, the undersigned will grant the motion to add Linda Mizelle as a party to this action (D.E. 36) and deny the motion to add Charles Williamson, Pratt's previous court-appointed attorney in the county action; North Carolina District Judge Patricia Gwynett Hillburn; and DSS staff attorney Timothy Heinle. (D.E. 35, 37). Additionally, the court finds that the motion for issuance of subpoenas is moot (D.E. 41). Finally, it will grant the motion to approve the amendments to the Amended Complaint with respect to Mizelle but deny it with respect to Heinle (D.E. 42).

### D.E. 35 Motion to Amend/Request to Add Party

As noted above, Pratt seeks to add Williamson and Judge Hillburn to the present action. Williamson represented Pratt as her court-appointed attorney in family court matter and Judge Hillburn presided over the custody proceedings.

In the Fourth Circuit, the law is well settled "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards* v. *City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999). *See also Herron* v. *Virginia Com. Univ.*, 366 F. Supp. 2d 355 (E.D. Va.) (denying leave to amend where the party sought to be added is immune from suit), *aff'd*, 116 F. App'x. 467 (4th Cir. 2004); *Perkins* v. *United States*, 848 F. Supp. 1236, 1241 (S.D.W. Va. 1994) (amendment of pleading should be denied if it cannot withstand a motion to dismiss). The decision to deny or grant leave to amend a pleading is within a district court's

---

4. A claim for negligence under North Carolina law for actions in connection with the CPS investigation and related proceedings in state court;
5. A claim for defamation under North Carolina law against Retha Albriton only;
6. A claim for intentional infliction of emotional distress under North Carolina law; and
7. A claim for negligent infliction of emotional distress under North Carolina law.

D.E. 11.

discretion; however a court may not exercise its discretion in a way that undermines Rule 15. *See Pittston Co.* v. *United States*, 199 F.3d 694, 705 (4th Cir. 1999).

An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Vermont* v. *Brillon*, 556 U.S. 81, 91 (2009) (noting that a publicly assigned or privately retained counsel for a criminal defendant is not ordinarily considered a state actor); *Polk Cnty.* v. *Dodson*, 454 U.S. 312, 319–22 & nn.8–13 (1981) (public defender); *Hall* v. *Quillen*, 631 F.2d 1154, 1155–56 & nn.2–3 (4th Cir. 1980) (court-appointed attorney); *Deas* v. *Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Private conduct, too, falls outside of the scope of a § 1983 action, as courts have found "merely private conduct, no matter how discriminatory or wrongful" is not actionable under § 1983. *Am. Mfrs. Mut. Ins. Co.* v. *Sullivan*, 526 U.S. 40, 50 (1999)

The Constitutional violations Pratt alleges fall squarely within the "traditional functions" of counsel. She alleges that Williamson failed to properly defend the claims against her, pressured her into "accepting" some of the charges, and withheld documents. Thus, Williamson, alleged to be Pratt's attorney during the custody proceedings, did not act under color of state law, and as such Pratt fails to allege a plausible claim against him.

With respect to Judge Hillburn, it is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles* v. *Waco*, 502 U.S. 9 (1991); *Stump* v. *Sparkman*, 435 U.S. 349, 351–364 (1978); *see also Chu* v. *Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages); *e.g., Baccus* v. *Wickensimer*, C/A No. 9:13–1977-DCN-BM, 2013 WL 6019469, at *2–3 (D.S.C. Nov. 13, 2013) (explaining that judicial immunity is from claims for damages and

injunctive relief). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12.

Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12–13. Immunity presents a threshold question. *See Harlow* v. *Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell* v. *Forsyth*, 472 U.S. 511, 526 (1985).

Here, Pratt alleges that Judge Hillburn presided over her family court proceedings and awarded custody of Pratt's children to their grandfather. She contends that the State failed to prove neglect on her part, "illegally kidnapped" her children, and denied her a trial on this matter. However, the alleged conduct relates to Judge Hillburn's judicial acts. Because the actions arose out of judicial proceedings, judicial immunity applies and bars this lawsuit against her.

Given the issues of futility and immunity this motion to amend presents, it is denied.

### D.E. 36        Motion to Amend/Request to Add Party

Pratt seeks to add DSS caseworker, Linda Mizelle, as a party to the action. D.E. 36. She asserts that Mizelle withheld evidence from the court which demonstrated Pratt's compliance with the court's order and that she altered the court's order by including additional requirements Pratt had to meet before she could regain custody. D.E. 36 at 1–2. She contends that Mizelle's actions impacted her custody case.

Because the allegations relate to her action against DSS, this motion to amend is granted and Mizelle shall be added as a party to this action.

### D.E. 37    Motion to Amend/Request to Add Party

Pratt also seeks to amend the Amended Complaint by adding Heinle, former staff counsel for DSS, as a Defendant. She alleges that Heinle retaliated against her by attempting to "try [her] case without proper representation" following Williamson's withdrawl as her counsel. D.E. 36 at 1.

It appears that Pratt's allegations expands the conduct for which she seeks to implicate DSS by including Heinle's actions. However, her allegations with respect to Heinle are quite bare, both as to factual basis and to the legal theory supporting a claim. Although the court construes Pratt's pleadings liberally in light of her pro se status, in absence of sufficient allegations against Heinle, it is unable to find that she has states a claim against him.

Moreover, the Fourth Circuit has recognized that attorneys for the Department of Social Services are expressly afforded prosecutorial immunity. *See Weller* v. *Dept. of Soc. Servs. for the City of Baltimore*, 901 F.2d 387, 397 (4th Cir. 1990). The court reads Pratt's allegations to state that Heinle actions directly relate to the DSS matter involving her and, therefore, suggest that he was acting within the scope of his employment for DSS. As counsel for DSS, Heinle would be immune from suit brought pursuant to § 1983.

Accordingly, Pratt's motion to amend to include Heinle as a party is denied.

### D.E. 38    Motion for Extension of Time

On March 13, 2017, Pratt filed this motion seeking additional time for the Rule 36(f) conference. In light of the fact that the Rule 26(f) conference was held and the parties submitted a joint Rule 26(f) report on March 15, 2017 (D.E. 40), this motion (D.E. 38) is denied as moot.

**D.E. 41    Motion for Issuance of Subpoenas**

Pratt also filed a motion seeking the issuance of subpoenas from certain individuals. This motion is denied because Pratt may obtain subpoenas from the Clerk of Court simply by requesting them. However, the court notes that Pratt's subpoenas sought documents from the Defendants. To obtain documents and information from the Defendants, CPS, or their agents, Pratt must rely on interrogatories, requests for admissions, requests for production of documents, and depositions. Accordingly, Pratt should first seek such information through discovery as set forth in the Federal Rules of Civil Procedure.

Therefore, the Motion for Issuance of Subpoenas (D.E. 41) is denied as moot with respect to named Defendants, and dismissed without prejudice to non-parties.

**D.E. 42    Motion to Approve Amendment**

Finally, Pratt moves the court to approve her prior requests to add Heinle and Mizelle as parties. For the reasons set forth above, this motion is granted with respect to Mizelle and denied with respect to Heinle.

A separate Scheduling Order will issue.

Dated: May 10, 2017

_____
Robert T. Numbers, II
United States Magistrate Judge